UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HUGO DANIEL HERNANDEZ VELAZQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00209-MPB-MJD |
| | ) | |
| WARDEN, | ) | |
| FIELD OFFICE DIRECTOR, | ) | |
| TODD M. LYONS, | ) | |
| MARKWAYNE MULLIN, | ) | |
| PAMELA JO BONDI, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Hugo Daniel Hernandez Velazquez is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on February 14, 2026, and is currently detained at Clay County Jail in Brazil, Indiana. He petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release or a bond hearing where the government bears the burden of proof. Dkt. 1 at 20; dkt. 10 at 13–16. For the reasons explained below, the Court grants the petition to the extent that **no later than 5:00 p.m. on April 14, 2026**, Respondents must either: (1) afford Mr. Hernandez Velazquez an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a); or (2) release him from custody, under reasonable conditions of supervision.

## I.      Background

Mr. Hernandez Velazquez is a citizen of Mexico who first entered the United States without admission or parole at an unknown time and place. Dkt. 6-1 at 3 (ERO Narrative). On February 10, 2026, Columbus Police Department officers arrested Mr. Hernandez Velazquez and booked

1

him into Bartholomew County Jail for operating a vehicle while intoxicated. *Id.* After Mr. Hernandez Velazquez was released, ICE officers executed an immigration detainer and transported him to an ICE office in Indianapolis for processing. *Id.* ICE officers served Mr. Hernandez Velazquez with a Notice to Appear, initiating full removal proceedings pursuant to 8 U.S.C. § 1229a. Dkt. 6-4 at 2 (Notice to Appear). The Notice charged Mr. Hernandez Velazquez as "subject to removal" per §§ 212(a)(6)(A)(i) and 212(a)(7) of the Immigration and Nationality Act ("INA"). *Id.* Mr. Hernandez Velazquez was also served with a Warrant for Arrest of Alien (Form I-200), which authorized the immigration officer to take him into custody under 8 U.S.C. § 1226. *Id.*; *see* dkt. 6-3. Mr. Hernandez Velazquez was transferred to Clay County Jail, where he remains detained.

There is no record that Mr. Hernandez Velazquez has moved for or been given a custody re-determination hearing.

## II.     Discussion

Mr. Hernandez Velazquez claims that his current detention violates the 8 U.S.C. § 1226(a) and its regulations (Counts I and II); and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 ¶¶ 70–89. Respondents argue that Mr. Hernandez Velazquez is lawfully detained under 8 U.S.C. § 1225(b)(2)(A) and that, in the alterative, he is lawfully detained under § 1226(a). Dkt. 6.

The Court finds that Mr. Hernandez Velazquez's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Hernandez Velazquez is entitled to habeas corpus relief on these grounds, the Court does not address his other arguments.[1]

---

[1] Specifically, Mr. Hernandez Velazquez argues that he is a class member entitled to relief through the declaratory judgment the Central District of California issued in *Maldonado Bautista v. Santacruz*, No.

A.       **8 U.S.C. §§ 1226 and 1225**

At issue here are 8 U.S.C. § 1226 and § 1225. Although "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229(a), also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. Matter of E-R-M- & L-R-M-, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and
(2) may release the alien on—
        (A) bond . . . ; or
        (B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583

---

5:25-cv-01873-SSS-BFM. In that case, the district court certified a class under Federal Rule 23(b)(2) that seemingly would include Petitioner and held that DHS's widespread application of § 1225(b)(2) was contrary to the INA, vacating DHS's Policy under the Administrative Procedure Act, and entering final judgment. *Bautista v. Santacruz*, 2025 WL 3713981, *32 (C.D. Cal. Dec. 18, 2025). The applicability of *Maldonado Bautista* to resolve habeas actions outside the Central District of California is unclear. In *Trump v. J.G.G.*, the Supreme Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Because the Court finds that Mr. Hernandez Velazquez is entitled to habeas relief, it need not resolve whether he is entitled to relief under *Maldonado Bautista*.

U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8); 8 C.F.R. § 1003.19(d). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

4

B.      **Mr. Hernandez Velazquez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than to undocumented aliens like Mr. Hernandez Velazquez who have lived in the interior of the United States for years. *See Delgado Avila v. Crowley*, 809 F. Supp. 3d 841, 844–46 (S.D. Ind. 2025); *see also Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). As the Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Delgado Avila*, 809 F. Supp. 3d at 844–46.

The Respondents cite two recent circuit court decisions upholding the government's interpretation of § 1225(b)(2)(A). Dkt. 6 at 12–13 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026)). In the Fifth Circuit, the *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. In the Eighth Circuit, the *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 2026 WL 819258, *3 (8th Cir. Mar. 25, 2026)).

These decisions are not binding on this Court. Moreover, the Court is not convinced that the Seventh Circuit will follow *Buenrostro-Mendez* or *Avila* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive

5

precedent. In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. Furthermore, Respondents' legal reasoning cannot be reconciled with the government's treatment of Mr. Hernandez Velazquez. Federal agents arrested Mr. Hernandez Velazquez in the interior of the country and subject to a warrant that explicitly cited the authority of § 1226. Though this agency action by itself is not dispositive, it weighs in favor of determining that the government's current authority to detain Mr. Hernandez Velazquez stems from § 1226, not § 1225(b)(2)(A). Given the government's treatment of Mr. Hernandez Velazquez, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh*, 2025 WL 3029524, at *6 (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025)); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

Furthermore, the facts here are quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. *See Buenrostro-Mendez*, 2026 WL 323330, at *3 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). In *Avila*, the petitioner was served with a Notice to Appear, but the record is silent as to whether he was arrested pursuant to an administrative warrant. *Avila*, 2026 WL 819258, at *1. In contrast, Mr. Hernandez Velazquez was

6

served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez* and *Avila* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Hernandez Velazquez's detention is authorized only by § 1226(a), entitling him to consideration of bond. Accordingly, his continued detention without consideration of bond violates the INA, and he is entitled to habeas corpus relief.

### C.      Opportunity for Bond Hearing

In the alternative, Respondents argue that Mr. Hernandez Velazquez is being lawfully detained under § 1226(a) "because he will have the opportunity to receive a hearing before an Immigration Judge." Dkt. 6 at 17. Respondents therefore argue that this Court does not have jurisdiction over this matter due to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

There is no evidence, however, that Mr. Hernandez Velazquez will have a bond hearing. In fact, Respondents contend that Mr. Hernandez Velazquez is ineligible for a bond hearing. Because an immigration judge has not "denied" or "revoked" bond, § 1226(e) does not have any bearing on this petition. Mr. Hernandez Velazquez has not had an opportunity to meaningfully request and receive an individualized bond hearing. Thus, his detention pursuant to § 1226(a) is currently unlawful.

### III.      Scope of Relief

Mr. Hernandez Velazquez is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation."

*Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Hernandez Velazquez requests immediate release from custody. Dkt. 1 at 20; dkt. 10 at 12–13. Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). Here, the Court finds that it would not be in the interests of justice to order Mr. Hernandez Velazquez's immediate release and instead orders Respondents to provide him with a bond hearing. Mr. Hernandez Velazquez maintains—and the Court agrees—that his detention without consideration of bond is contrary to law because his detention is authorized by § 1226(a), which makes him eligible for discretionary release but also allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Hernandez Velazquez's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful only to the extent the government refuses to consider whether he may be released as the law requires.

In his reply, Mr. Hernandez Velazquez asks the Court to order the Respondents to provide him with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Mr. Hernandez Velasquez poses a danger or a flight risk. Dkt. 10 at 13. Mr. Hernandez Velazquez also asks the Court to retain jurisdiction to review the bond determination. *Id.* The Court does not have the authority to place the burden of proof on the government. The Seventh Circuit has not answered the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison.[2]

---

[2] Compare *Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), with

The statute does not explicitly assign a burden of proof, and the accompanying regulations provide that "[t]he determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service." 8 C.F.R. § 1003.19(d); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (explaining that "aliens who are arrested and detained may generally apply for release on bond or conditional parole" under § 1226(a)(2) and that "[t]o secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." (citing 8 CFR §§ 236.1(c)(8), 1236.1(c)(8) (2020)). Therefore, the Court directs the Respondents simply to afford a bond hearing that complies with § 1226(a) and its accompanying regulations.

Furthermore, the Court declines to retain jurisdiction over Mr. Hernandez Velazquez's bond hearing beyond the scope of retaining jurisdiction to ensure compliance with this Order. As seen above, 8 U.S.C. § 1226(e) expressly prohibits a court's review of the Attorney General's discretionary judgment regarding the decision to detain an alien or deny bond. This provision does not bar the Court's review of constitutional challenges to detention. *See Vargas Sanchez v. Olson et al.*, No. 4:26-CV-00053-TWP-KMB, 2026 WL 801515, at *2 (S.D. Ind. Mar. 23, 2026) (Section 1226(e) does not deprive federal courts of jurisdiction to resolve habeas corpus petitions raising constitutional challenges to detention) (citing *Demore v. Kim*, 538 U.S. 510, 517 (2003)).

---

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times. [W]e perceive no problem . . . .").

Nevertheless, at this point Mr. Hernandez Velazquez has not challenged his detention post-bond hearing on constitutional grounds. Instead, he challenges a bond hearing that has not yet occurred. The Court will not retain jurisdiction to review the bond hearing on this basis. If Respondents fail to comply with the Order, Mr. Hernandez Velasquez may file an appropriate motion, but in so doing he must explain how Respondents' actions are non-compliant, that is, how he was either not provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations or released under reasonable conditions of supervision.

## IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on April 14, 2026**, Respondents must either: (1) provide Mr. Hernandez Velazquez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Hernandez Velazquez from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on April 15, 2026**, Respondents must file documentation certifying that they have provided Mr. Hernandez Velazquez with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Dated:  April 10, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Daniel Chin
Flora Legal Group
daniel.chin@floralegalgroup.com

Jeffrey D. Preston
DOJ-USAO
jeffrey.preston@usdoj.gov

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com